# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, | ) | CASE NO. 1:18cv1091 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WARDEN LASHANN EPPINGER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On May 10, 2018, *pro se* petitioner Richard Barnes ("Barnes") filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1 ["Pet."].) Barnes currently is incarcerated in the Grafton Correctional Institution, having been convicted on August 2, 2016 of sexual battery. (*Id*. at 1;[1] *see id*. at 6 (2016 Journal Entry).) He was sentenced to three years of incarceration, followed by five years of post-release control. He asserts three grounds for relief: (1) there was no complaint filed in his criminal case; (2) he was denied due process; and (3) the judgment against him is void. He seeks relief from his convictions.

Barnes also attempts to challenge his 2009 conviction in this same petition. He indicates he was convicted in September 2009 of sexual battery and theft and was sentenced to a seven-year term of imprisonment. (*Id*. at 9 (2009 Journal Entry).) He asserts

---
[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

two grounds for relief pertaining to these convictions: (1) there was no complaint filed in his criminal case; and (2) the judgment against him is void.

## I. BACKGROUND

*2009 Convictions*

Barnes pled guilty on August 19, 2009 to two counts of sexual battery and one count of theft. On September 14, 2009, the trial court sentenced Barnes to a three-year term of incarceration for each of the sexual battery convictions and one year for the theft conviction. The court ordered all sentences to be served consecutively, for a total of seven years imprisonment. Additionally, the court classified Barnes as a Tier III sex offender. *See State v. Barnes*, No. 94025, 2010 WL 3814467, at *1-4 (Ohio App. Ct. Sept. 30, 2010).

Barnes appealed his sentence to the Ohio Eighth District Court of Appeals and presented two assignments of error. In his first assignment of error, Barnes argued that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment because his counsel failed to read and address the presentence investigation report and the state's sentencing memorandum. In his second assignment of error, Barnes argued that the trial court erred in denying him the opportunity to review and comment upon the presentence investigation report and the state's sentencing memorandum. On September 30, 2010, the state appellate court rejected both arguments on the merits and denied Barnes's direct appeal. *Id.*

Barnes appealed that decision to the Supreme Court of Ohio, raising the grounds he asserted on direct appeal, and that court declined jurisdiction to hear Barnes's case. *See State v. Barnes*, No. 2010-1940, 941 N.E.2d 803 (Table) (Ohio Feb. 16, 2011).

Barnes next filed an application to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B), claiming his appellate counsel was ineffective for failing to make a sufficiency of the evidence argument, for failing to challenge trial counsel's ineffectiveness, for not challenging the credibility and competency of the victim, and for not challenging trial counsel's strategy of having him plead guilty instead of going to trial. *State v. Barnes*, No. 94025, 2011 WL 1563411, at *1-2 (Ohio Ct. App. Apr. 20, 2011). Barnes acknowledged that his application was not filed within the 90-day deadline imposed under Rule 26, but claimed a lack of resources and legal knowledge was good cause that excused his untimely filing. The court of appeals rejected this argument and dismissed the application as untimely. *Id.*

Barnes then filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, pertaining to the 2009 convictions. *Barnes v. Kelly*, No. 1:12-CV-00895, 2015 WL 3742193, at *1-7 (N.D. Ohio June 15, 2015). He raised three grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) deprivation of due process by the trial judge. The federal district court denied the petition on the merits and declined to issue a certificate of appealability.

*2016 Conviction*

On March 30, 2016, the Cuyahoga County Grand Jury returned an eight-count indictment charging Barnes with four counts of rape, two counts of kidnaping, and 2 counts of gross sexual imposition. All eight counts contained a sexually violent predator specification, and Counts 3 and 8 contained sexual motivation specifications. The indictment alleged that the offenses were committed between January 1, 2006, and November 13, 2007. Barnes pled not guilty to the indictment during his April 15, 2016

arraignment; however, he subsequently entered into a plea agreement on June 28, 2016 and pled guilty to one count of sexual battery without the underlying sexually violent predator specification. Pursuant to the plea agreement, the remaining counts and specifications were dismissed. On August 2, 2016, the trial court sentenced Barnes to three years in prison and designated him as a habitual sex offender. *See State v. Barnes*, No. 104910, 2018 WL 386607, at *1-4 (Ohio Ct. App. Jan. 11, 2018).

Barnes, proceeding *pro se*, filed a notice of appeal on September 1, 2016. *See id.* With the assistance of subsequently appointed counsel, Barnes challenged his sexual battery conviction, asserting that his constitutional right to effective assistance of trial counsel was violated when his counsel failed to file a motion to dismiss for pre-indictment delay. After reviewing the record, the state appellate court found that Barnes waived any claim of ineffective assistance of counsel by pleading guilty. The court further found that even if Barnes had not waived this claim, his counsel was not constitutionally ineffective. *Id.* Barnes did not appeal this decision to the Supreme Court of Ohio.

Barnes has now filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging both his 2009 and his 2016 convictions.

**II. DISCUSSION**

Barnes's attempt to challenge his 2009 convictions with his 2016 conviction is problematic because Barnes already filed a § 2254 habeas petition relative to the earlier convictions and received a decision on the merits. Before a second or successive petition for a writ of habeas corpus can be filed in the district court, the petitioner must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The district court does not have jurisdiction to

entertain a successive petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). In an order dated September 4, 2018, the Sixth Circuit denied Barnes leave to file a second or successive petition relative to his 2009 convictions. Therefore, the Court is without jurisdiction to consider his grounds for relief relating to the 2009 convictions.

Further, Barnes's challenge to his 2016 conviction cannot be heard by the Court at this time because he has not yet raised these claims in state court. Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *see, e.g., Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest

on a legal theory that is separate and distinct from the one previously considered and rejected in state court. *Id.*

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a petitioner procedurally defaults a claim if he fails to comply with state procedural rules in presenting his claim to the appropriate state court. *Id*. ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and is now precluded from raising that claim in the state courts. *Id.* ("If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.") While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), the petitioner's failure to have the federal claims considered in the state courts

constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome the bar of procedural default, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

Barnes did not raise the habeas claims pertaining to his 2016 conviction in state court. The question the Court must determine then is whether these claims are unexhausted or procedurally defaulted. Barnes filed a direct appeal of his conviction and asserted one claim which is not raised in this habeas petition. *State v. Barnes*, No. 104910, 2018 WL 386607, at *1-4 (Ohio Ct. App. Jan. 11, 2018). Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent state proceedings. *See State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967). If his current habeas claims could and should have been raised on direct appeal, Barnes would be unable to return to state court to exhaust his state remedies and the claims would be procedurally

defaulted for habeas purposes. Because he does not explain his last two habeas claims of denial of due process and void judgments, it is possible he may be able to assert them in another type of action, such as a post-conviction petition, if they are not deemed untimely. Where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies, unless a return to state court would be futile. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987). Because the Court does not have sufficient information to conclude that a return to state court would be futile, the Court will dismiss this petition without prejudice to permit Barnes the opportunity to pursue relief, if it is still available, in the state courts.

### III. CONCLUSION

For all the foregoing reasons, the portion of Barnes's petition pertaining to his 2009 convictions is dismissed with prejudice for want of jurisdiction. The portion of Barnes's petition pertaining to his 2016 conviction is unexhausted and is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 11, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**